## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TINA J. CARSON,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 16-00636-WS-B |
| | * |
| **WORLD MARINE OF ALABAMA, LLC,** | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Defendant's Motion to Compel and for Sanctions (doc. 24) and Motion for Sanctions, Including Dismissal (doc. 26). For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion for Sanctions be **GRANTED**, and that this action be **DISMISSED** for failure to prosecute and obey the Court's orders.

### I. BACKGROUND

Plaintiff Tina J. Carson, proceeding *pro se*, filed a complaint alleging sexual harassment against Defendant World Marine of Alabama in December 2016. (Doc. 6). During a scheduling conference conducted on April 7, 2017, Plaintiff was apprised of her obligation to prosecute this action, and her responsibility to respond to discovery. In September 2017, Defendant filed an unopposed motion to extend discovery and

modify the scheduling order on the ground that Plaintiff had not responded to Defendant's discovery requests. (Doc. 20). The Court set the matter for a status conference on October 6, 2017. (Doc. 21). Plaintiff failed to appear for the conference and, when contacted by telephone, reported that she was asleep and that she had forgotten about the conference. In an Order dated October 6, 2017, the Court granted Defendant's motion and extended the deadlines for discovery and dispositive motions. (Doc. 23). The Court also cautioned Plaintiff that her indifferent behavior would not be tolerated, and that failure to fulfill her discovery obligations would subject her to sanctions, including the dismissal of this action. (Id.).

Defendant filed a motion to compel discovery and for sanctions on October 11, 2017. (Doc. 24). Defendant reported that interrogatories and production requests were served on Plaintiff on August 18, 2017, and that despite written and oral communications with Plaintiff, she had failed to respond to Defendant's discovery requests. (Id.). Defendant requested an order directing Plaintiff to respond to the discovery requests, and reasonable attorney fees incurred in filing the motion. (Id.). The Court entered an order directing Plaintiff to respond to Defendant's motion by October 23, 2017. (Doc. 25).

Plaintiff failed to respond or to seek an extension of time in which to do so.

Defendant, on October 26, 2017, filed a motion seeking sanctions, including the dismissal of this action, on the ground that Plaintiff has failed to fulfill her discovery obligations, failed to respond to the Court's order as directed, and has further failed to prosecute this action. (Doc. 26). In an Order dated November 16, 2017, the Court directed Plaintiff to show cause why this action should not be dismissed for failure to prosecute and obey the orders of this case. (Doc. 29). To date, Plaintiff has not complied with the Court's order dated November 16, 2017, nor has she requested an extension of time in which to do so.

## II. DISCUSSION

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, *3 (S.D. Ala. July 27, 2006) (Steele, J.). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not

3

extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

In this case, Plaintiff has thwarted Defendant's efforts to defend this case at every turn. Although Plaintiff was fully apprised, very early in this case, of her obligations as a *pro se* litigant in federal Court, the record reflects that, aside from filing her complaint, Plaintiff has done little else to advance this case, and appears to have lost interest in this

4

case. She has failed to fulfill her discovery obligations, and has shown complete indifference such that, at this juncture, it appears that nothing short of dismissal will suffice. Due to Plaintiff's failure to comply with this Court's Orders (docs. 25, 29) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's Motions for Sanctions (docs. 24, 26) be **GRANTED**, and that this action be **DISMISSED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **November, 2017.**

                                           /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**